Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ERNESTO GONZÁLEZ DÁVILA; IVONNE GONZÁLEZ CUASCUT<br><br>Recurrida<br><br>V.<br><br>HAROLD CONSTANTINO/ OMAR CONSTANTINO h/n/c HJ CONSTRUCTION; BENJAMÍN VÁZQUEZ SANDOVAL<br><br>Recurrente | KLRA202400401 | *Revisión Judicial* procedente del Departamento de Asuntos del Consumidor, Región de Ponce<br><br>Querella Número: PON-2023-0003847<br><br>Sobre:<br>Ley Núm. 5 del 23 abril de 1973, según enmendada (Contrato Obras y Servicios) |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Álvarez Esnard y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Comparece ante nos, Harold Constantino/ Omar Constantino h/n/c HJ Construction; y Benjamín Vázquez Sandoval (en adelante, "la parte recurrente"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 9 de mayo de 2024, por el Departamento de Asuntos del Consumidor (en lo sucesivo, por sus siglas, "DACo"). Mediante la referida determinación, DACo ordenó a la parte recurrente que pagara a Ernesto González Dávila e Ivonne González Cuascut (en adelante, "la parte recurrida"), la cantidad total de $11,220.00.

Por los fundamentos que expondremos a continuación, *desestimamos* por *falta de jurisdicción* el caso de epígrafe.

**I.**

Según se desprende del escrito de revisión judicial, los hechos de este caso tienen su origen en la fecha de 8 de noviembre de 2018. En la referida fecha, las partes de epígrafe suscribieron un contrato en aras de

remodelar la residencia de la parte recurrida. Surge de los dichos de la parte recurrente, que la cantidad a pagar por los servicios de construcción se estipuló por la suma de $58,000.00. Así las cosas, la parte recurrida quedó inconforme con la obra realizada por la parte recurrente, y presentó una querella ante DACo por vicios de construcción.

Trabada la controversia, los días 12 de junio de 2023, 15 de junio de 2023 y 19 de julio de 2023, se celebró ante DACo la vista del presente caso, tras la cual, DACo emitió y notificó la "*Resolución*" que nos ocupa. Mediante esta, ordenó a la parte recurrente que pagara a la parte recurrida la cantidad total de $11,220.00. Esto, en concepto de corrección de deficiencias de la obra; alquiler de vivienda; honorarios de abogado e inconvenientes creados a la parte recurrida.

En desacuerdo, el 11 de junio de 2024, la parte recurrente presentó ante DACo una "*Moción de Reconsideración y Revisión Judicial.*" Acto seguido, el 29 de julio de 2024, la parte recurrente presentó ante nuestra consideración una "*Revisión de Resolución Administrativa.*" Mediante esta, nos solicita de forma sucinta que revisemos la determinación de DACo.

Así las cosas, el 20 de agosto de 2024, en aras de auscultar nuestra jurisdicción, le solicitamos a la parte recurrente que presentara copia de la notificación de la "*Resolución*" en cuestión. Ante ello, el 3 de septiembre de 2024, la parte recurrida presentó una "*Moción en Cumplimiento de Orden.*" A través de esta, advenimos en conocimiento que la "*Resolución*" que nos ocupa fue notificada a las partes por DACo en fecha de 9 de mayo de 2024.

**II.**

**A.      Jurisdicción:**

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, 204 DPR 374 (2020)*; *Peerless Oil v.*

*Hermanos Pérez*, 186 DPR 239, 249 (2012); *SLG Solá-Morena v. Bengoa Becerra*, 182 DPR 675, 682 (2011). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

**B.    Recurso de revisión judicial**

El Tribunal de Apelaciones es un tribunal intermedio cuyo propósito es proveer a los ciudadanos de un foro apelativo para revisar, entre otras, decisiones finales de los organismos y agencias administrativas traídas ante nuestra consideración mediante un recurso de revisión judicial. Art. 4.001-4.002, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 2003, Ley 201-2003, según enmendada. La revisión de las decisiones finales de los organismos y agencias administrativas ante este Tribunal de Apelaciones se tramita de conformidad con la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG) Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 et. seq., y con nuestro Reglamento.

En lo aquí pertinente, una parte adversamente afectada por la determinación final de una agencia administrativa podrá solicitar, ante la agencia correspondiente, reconsideración de la referida determinación dentro del término de 20 días. 3 LPRA sec. 9655. De igual modo, podrá solicitar revisión judicial conforme lo establece la siguiente sección:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA sec. 9672.

El escrito de revisión judicial deberá ser presentado ante la Secretaría de este Tribunal conforme lo establece la Regla 58 de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 58.

**III.**

Conforme surge del relato procesal, la determinación que nos ocupa fue notificada el 9 de mayo de 2024. Siendo así, la parte adversamente afectada por la referida determinación, en este caso la parte recurrente, tenía un término de veinte (20) días para presentar una reconsideración. Sin embargo, su escrito en reconsideración fue presentado de forma tardía, dado que lo radicó el 11 de junio de 2024. Para esta fecha, ya habían transcurrido más de los veinte (20) días estatutarios para presentar una moción de reconsideración. Por lo cual, la solicitud de reconsideración no fue oportuna. En consecuencia, no interrumpió el término para solicitar revisión judicial.

Es preciso señalar, que la parte recurrente intituló el escrito del 11 de junio de 2024 como "*Moción de Reconsideración y Revisión Judicial.*" Ante ello, de haber sido la intención de la parte recurrente dirigir sus planteamientos ante este Tribunal, de igual modo no cumpliría con los requisitos procesales para ello. Esto, toda vez que, su escrito no fue presentado ante la Secretaría de este Foro conforme establece la Regla 58 de nuestro Reglamento, *supra.* A su vez, ante este escenario su revisión judicial también sería una tardía, dado que, para el 11 de junio de 2024 ya habían transcurrido en exceso los treinta (30) días para presentar una revisión judicial. Por consiguiente, carecemos de autoridad para entrar en los méritos del recurso presentado.

**IV.**

Por los fundamentos expuesto, *desestimamos* el recurso de epígrafe por falta de *jurisdicción.*

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones